```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF ARKANSAS
                       EL DORADO DIVISION

BILLY G. JACKSON                                          Plaintiff

     v.                  Case No. 06-1030

LINDA S. McMAHON[1]
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION                                   Defendant
```

**MEMORANDUM OPINION**

Plaintiff Billy Jackson ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and Title II, 42 U.S.C. § 401 *et seq*.  Plaintiff has exhausted all administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate.  After reviewing the record, the Court hereby AFFIRMS the decision of the Commissioner.[2]

## I.  Background

The complete facts and arguments are presented in the parties' briefs, and will be duplicated only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as defendant in this suit.

[2] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

within the administrative record sets forth her findings and it will not be repeated except to the extent necessary to address Plaintiff's arguments.

## II.  Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion.  *See Warburton*, 188 F.3d at 1050.  In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *See id.*  The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result.  *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful

activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also*

*Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff's Complaint alleges the ALJ erred by failing to follow the finding of the Vocational Expert based upon limitations due to self-reported chronic pain and side effects of the claimant's medication. At the hearing, the ALJ posed two hypothetical scenarios to the Vocational Expert. The first hypothetical only considered mild to moderate pain along with other limitations. The Vocational Expert testified that such a person could perform jobs that exist in the local region and national economy, but not past relevant work. The second hypothetical included Plaintiff's self-reported limitation of "the inability to be relieved of chronic pain and the effects of medication. . .." The vocational expert testified that such a person described in the second hypothetical could not perform his past relevant work or any jobs in the local, regional, or national economy.

In the ALJ's findings, the ALJ stated that the Plaintiff's testimony and allegations of chronic pain and effects of medication were of limited credibility. "Subjective complaints may be discounted if there are inconsistencies in the record as a whole." *Singh v. Apfel,* 222 F.3d 448, 452 (8th Cir.2000). "An ALJ who rejects such complaints must make an express credibility

4

determination explaining the reasons for discrediting the complaints." *Singh,* 222 F.3d at 452.

Plaintiff contends the ALJ focused too heavily on the lack of medical evidence when discrediting his subjective complaints. "Although the ALJ may not reject subjective complaints solely because of a lack of objective medical evidence on the record as a whole, the absence of objective medical evidence which supports the degree of severity is a factor to be considered by the ALJ." *Barrett v. Shalala,* 38 F.3d 1019, 1022 (8th Cir.1994). The ALJ used the medical evidence as one factor in his consideration of Plaintiffs subjective complaints, as it did not support Plaintiff's self-reported limitations. Dr. Unkel reported there was "no reason" for the Plaintiff to be on disability. (Tr. 254) Another physician stated Plaintiff's desire to work was low.(Tr. 266) Plaintiff's physicians recommended additional activity in his daily routine and to "do something productive."(Tr. 263) Plaintiff's limited daily activities appeared to be self-imposed. The medical record also demonstrates that at times Plaintiff failed to make appointments or follow through with medication or a course of treatment. Additionally, there is significant evidence that Plaintiff's symptoms were controlled with medication. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain.")

The ALJ discounted the testimony of Plaintiff's friend Willie

5

Emerson.  Mr. Emerson stated he could determine if Plaintiff was in pain just by looking at him.  However, the ALJ properly discredited Mr. Emerson as it was clear that his testimony was based on Plaintiff's presentation of pain and symptoms.

The ALJ properly discredited Plaintiffs subjective complaints and the lay testimony of Mr. Emerson.  Thus the first hypothetical presented to the vocational expert and relied upon by the ALJ included all of the limitations the ALJ found credible and was supported by the substantial evidence of record.

### IV.  CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is **AFFIRMED**.

**IT IS SO ORDERED.**

DATE: February 12, 2007         /s/ Robert T. Dawson
                                ROBERT T. DAWSON
                                UNITED STATES DISTRICT COURT JUDGE